JAMES CUTLER & others *vs.* PATTY LINCOLN.

The tenant in a real action may give in evidence, for the purpose of disproving the demandant's seizin, a seizure and sale on execution of the right in equity of the demandant's grantor to redeem the demanded premises, and a deed thereof from the purchaser to a third person, previous to the execution of the deed under which the demandant claims title.

THIS was a real action to recover a farm in Holliston.

It appeared in evidence, at the trial, which was before the chief justice, that, prior to July, 1837, Ira Lincoln, then the husband of the tenant, was seized in fee of the demanded premises; that in 1837 and 1838, he made two mortgages thereof, to secure the payment of several sums of money exceeding $1700, which mortgages, prior to the 1st of June,

---

1844, were in the hands of Newell Lovering and Joseph C. Lovering, as mortgagees and assignees ; that, on or about the 1st of June, 1844, the tenant became and was entitled to a distributive share in the estate of a deceased brother exceed ing the sum of $1700, which was then in the hands of his administrator, who had been ordered to pay the same to the tenant by a decree of the probate court ; that it was agreed by the administrator and the tenant, w th the consent of her husband, that her distributive share in the estate of her brother should be invested for her separate use in a purchase of the notes and mortgages so made by her husband, which were then in the hands of the Loverings ; that the money was paid to the latter accordingly, and they thereupon made and executed assignments of the mortgages and notes, in due form, to the tenant, who took them into her own custody ; and that, by a decree of this court, made at the October term, 1845, in Norfolk, the tenant was divorced from the bonds of matrimony, and it was at the same time ordered and decreed, that certain property, including the mortgages and notes above mentioned, should be assigned and restored to her.

The demandants claimed under a quitclaim deed from Ira Lincoln, dated the 13th of December, 1844, which purported to convey the demanded premises, and all the grantors' right and interest in the mortgages of the same, which had been assigned to his wife.

The tenant, among other grounds of defence, offered in evidence a deed executed on the 7th of May, 1840, by Eli Phipps and Sarah Whiting, of all their right, title and interest in the demanded premises, to Patty C. L. Lincoln and Ira P. Lincoln, minor children of the tenant.   This offer was accompanied with a statement and offer to prove, that, prior to the 7th of May, 1840, and after the making of the mortgages referred to, the equity of redemption of Ira Lincoln in the demanded premises, and his right to redeem certain other mortgaged estates, were seized on execution and sold by certain of his creditors, and purchased by the grantors above

mentioned, Eli Phipps and Sarah Whiting; and that, in consideration of a release of her dower in the two last mentioned estates, by the tenant, the said purchasers conveyed all their interest in the demanded premises, as above stated, to the tenant's children.

The judge, being of opinion, that if the deed was given, as alleged, and if it vested the demanded premises, or the right in equity to redeem the same, in the grantees, it would not be competent evidence for the tenant, rejected it; and the jury thereupon returned a verdict for the demandant.

It was agreed, by the parties, that if the facts thus offered in evidence were admissible, they should be considered as proved, and that the verdict should be set aside, and judgment entered for the tenant.

*C. R. Train,* for the demandants.

*S. B. Walcott* and *W. Lovering,* for the tenant.

WILDE, J.[*]    Both parties in this case derive their titles respectively from Ira Lincoln, formerly the tenant's husband, but from whom she was divorced subsequently to his deed to the demandants, which is dated 13th of December, 1844. The tenant's title is derived from two mortgage deeds, including the demanded premises, made by Ira Lincoln in 1837 and 1838, conveying the same to Newell Lovering and Joseph C. Lovering, and which were assigned to the tenant on the 1st of June, 1844, with the consent of her husband, and were paid for by her with her separate property; it being the distributive share, under a probate decree, in the estate of her deceased brother, and which had never been reduced to possession by her husband.

It was argued for the demandants, that by this assignment of the mortgages, the mortgage debts were extinguished, and that as against the husband they were void, notwithstanding his assent to the assignment.

This point has been much discussed, and many authorities, some of which seem to be conflicting, have been cited by

---

[*] METCALF, J., did not sit in this case.

counsel; but I shall not refer to the authorities cited, because it is not necessary to decide this point, as, on another point, we are of opinion, that this action cannot be maintained. It seems to me, however, that admitting that the mortgage debts were extinguished by the assignments, the legal estate was not thereby revested in the husband, and that by his quitclaim deed to the demandants, nothing passed but his equitable title. Such would have been the effect of the payment of the mortgage debts, and the extinguishment of them by the assignment, if extinguished they were, would seem to have no other effect.

But if the tenant has no title, the legal title is in her minor children, provided the deed from Eli Phipps and Sarah Whiting to them is admissible in evidence. This evidence was rejected at the trial, on the ground, that in a writ of entry the tenant is not allowed to prove a title in a third party paramount to that of the demandant, unless he can first prove that he has a lawful claim and right under such party. This is undoubtedly a well established principle of law : But this evidence was offered by the tenant, not for the purpose of proving a title in her children, paramount to that of the demandants, but to prove that the demandants had never been seized of and had no title to the demanded premises. And it is a well established principle, that in a writ of entry, or in a writ of right, the tenant may disprove the demandant's seizin or the seizin of his ancestor. Jackson on Real Actions, 4, 157; Stearns on Real Actions, 365, 380 ; *Hall* v. *Stevens*, 9 Met. 418, 421.

If the demandant counts on his own seizin, and has no evidence tending to prove that material fact, his action must fail, although the tenant has no title but possession ; and, for the same reason, if the demandant introduces *prima facie* evidence of his seizin, the tenant may disprove such a *prima facie* case. And the evidence offered in this case would clearly prove, that nothing passed by the deed of Ira Lincoln to the demandants. This right in equity, after he had mortgaged the premises, as before stated, and before his deed to

the demandants, was taken on execution and sold to Eli Phipps and Sarah Whiting. Nothing therefore passed by his deed to the demandants. The parties now agreeing to the facts offered to be proved by the tenant, and to state them as a part of the case reported, the verdict is to be set aside, and judgment is to be entered for the tenant.